**In re Gary HENDRICKS and Linda Hendricks, Debtors.**

**SUN BANK OF LEE COUNTY, N.A., Plaintiff,**

v.

**Gary HENDRICKS and Linda Hendricks, Defendants.**

**Bankruptcy No. 89–1811–9P7.
Adv. No. 89–278.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Sept. 28, 1989.

Alfred E. Johnson, Fort Myers, Fla., for debtors/defendants, Gary and Linda Hendricks.

James M. Moran, Fort Myers, Fla., for plaintiff.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 case and the matter under consideration is the dischargeability vel non of a debt owed to Sun Bank of Lee County, N.A. (Sun Bank), by Gary Hendricks and Linda Hendricks (Debtors). Sun Bank filed a Complaint seeking an exception to discharge pursuant to § 523(a)(2)(B) of the Bankruptcy Code. The single-count Complaint alleges that money was obtained by use of a statement in writing which was materially false respecting the Debtors' financial condition on which Sun Bank reasonably relied and which was published with the intent to deceive. This Court heard testimony of witnesses and considered the documentary evidence, together with the record, and finds that the facts relevant as established at the final evidentiary hearing are as follows:

In early 1988, a loan officer employed by Sun Bank met socially with the Debtors. Later, Gary Hendricks, one of the Debtors, approached the loan officer regarding a possible commercial loan for Tire and Auto Systems, Inc. (Tire and Auto), a corporation which operated a retail tire store in Naples, Florida. All outstanding shares of Tire and Auto were owned by both Debtors, and Gary Hendricks was the president and chief executive officer of Tire and Auto. Gary Hendricks, on behalf of Tire and Auto requested a $65,000.00 line of credit to be secured by a blanket lien on the assets of the corporation. In connection with the request for credit, the Debtors provided to the Bank a personal financial statement (Plaintiff's Exh. No. 1), which indicated total liabilities of $55,500.00 and a net worth of $328,500.00. In addition, Gary Hendricks also gave to the Bank a compiled financial statement for the nine months operation of the corporation ending December 31, 1987. The statements indicated current liabilities of $90,919.00 and long-term debt of $120,357.00 of the corporation (Plaintiff's Exh. No. 2).

On May 20, 1988, the loan was granted and funds were disbursed. On June 23, 1988, a new note was executed by Gary Hendricks on behalf of the corporation and also individually in the principal amount of $80,000.00 to evidence not only the previ-

ous balance on the initial loan, but also an additional loan in the amount of $15,000.00.

In September of the same year, the corporation established a second location in Cape Coral, Florida, and Gary Hendricks requested additional credit from Sun Bank on behalf of the corporation. Sun Bank approved the request on September 23, 1988, and granted an additional term loan in the amount of $25,000.00 and a $25,-000.00 line of credit. As a further inducement for these new loans, both Debtors executed a guarantee of the corporate indebtedness (Plaintiff's Exh. No. 3). In due course, Sun Bank filed this adversary proceeding seeking a determination by this Court that the debt owed to Sun Bank by these Debtors should be declared to be nondischargeable. There is no dispute that the corporation defaulted on all its obligations owed to the Bank and the Debtors are still liable to the Bank based on their personal guarantees.

On March 21, 1989, the Debtors filed their Voluntary Petition for Relief under Chapter 7. Their Schedule of Liabilities reveals a total individual direct indebtedness of $28,736.25 and an additional indebtedness based on their potential liability for debts of the corporation in the amount of $634,235.48.

Sun Bank contends that the financial statement submitted by the Debtors was false in that they failed to disclose truthfully their outstanding liabilities and that they "failed to disclose the fact that inventory of the corporation was obtained by borrowed monies" [sic] and that they failed to disclose the existence of a second mortgage interest on their primary personal residence.

It is well established that traditionally the basic purpose of all bankruptcy legislation has been and still is to give the debtor a new opportunity in life and a clear field for future efforts, unhampered by the pressure and discouragement of pre-existing debt. *Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970); *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). The discharge provision of the Bankruptcy Code was also designed by Congress to enable the debtor to obtain a fresh start, free from obligations and responsibilities attendant to previous business misfortunes. In keeping with this policy, exceptions to discharge are strictly construed against the creditor and construed liberally in favor of the debtors. *In the Matter of Bonanza Import and Export, Inc.*, 43 B.R. 577 (Bankr.S.D.Fla. 1988). Thus, the burden lies with the plaintiff to prove by clear and convincing evidence that a particular obligation of the debtor falls within the exceptive provisions scope of § 523. *In the Matter of Bonanza Import and Export, Inc., supra; In re Danns*, 558 F.2d 114 (2d Cir.1977); *In re Neumann*, 13 B.R. 128, 130 (Bankr.E.D. Wis.1981).

Applying the foregoing general principles to specific facts established by this record, it is clear that the Plaintiff failed to establish with the requisite degree of proof any of the claims set forth in its Complaint.

First, there is no evidence in this record to warrant the finding that the liabilities which Sun Bank claims were undisclosed on the Debtors' financial statements were incurred after extension of the credit by Sun Bank. On the contrary, this Court is satisfied that they were, in fact, not in existence at the time the financial statement was submitted by Gary Hendricks to the Bank. Second, no evidence was presented to establish that there was any "failure to disclose to Sun Bank the existence of any inventory which was obtained by borrowed monies". In any event, proof of this allegation is irrelevant and would not establish any grounds upon which relief would be granted. It is intimated that Sun Bank actually intended to allege that goods were obtained on consignment prior to granting of the loan without disclosing this fact in the financial statements. Although no evidence was presented to substantiate this claim, it is also irrelevant as Sun Bank did not rely upon this alleged false statement to its detriment. Third, the second mortgage on the Debtors' residence was given to secure credit obtained after the Sun Bank obligations were incurred.

**116**

Considering the totality of the evidence, this Court is satisfied that the record does not warrant a conclusion that the Debtors obtained money by the use of statements in writing which were materially false regarding the Debtors' financial condition upon which the creditor reasonably relied and was made with the intent to deceive. For this reason, the claim of nondischargeability cannot be sustained, and the Complaint shall be dismissed with prejudice.

A separate Final Judgment shall be entered in accordance with the foregoing.